## PRUDENTIAL INS CO v PHILLIPS

Ohio Appeals, 2nd Dist, Franklin Co

No 2605.   Decided April 18, 1936

Carl H. Valentine, Columbus, for plaintiff in error.

Homer Trantham, Columbus, and James M. Hengst, Columbus, for defendants in error.

## OPINION

By HORNBECK, J.

It is urged that the first cause of action does not sufficiently aver the actual death of plaintiff's decedent on June 27, 1922, setting forth only an allegation that plaintiff's decedent is presumed to be dead because of seven years unexplained absence. It is further claimed that granted that there is an averment of actual death that the evidence only supports death by reason of the presumption arising by seven years unexplained absence.

This court in case No. 2526 had a record setting forth substantially the same facts which appear in this record, which evidence was taken on an action between the same parties wherein the plaintiff sought judgment against the defendant on other policies of insurance on the life of plaintiff's decedent. We considered, discussed and determined the legal questions there presented and many of them are re-stated in this cause. It would be a work of supereogation to burden this opinion by restatement of the principles announced in the former decision.

The basic difference in the record in the former case and in the instant case is that there the plaintiff's cause was grounded upon presumptive death by reason of seven years unexplained absence and here upon actual death as of the averred date. We held in the former case that the evidence was sufficient to support the conclusion that plaintiff's decedent was dead by reason of presumption and that the evidence also supported the conclusion that he died on or about the date of his disappearance. We then had before us only the question of presumptive death. Here we have the claim of actual death and the only question of difficulty in this record in our judgment, is found in the consideration of this question.

The claim that the trial court erred in the admission of testimony is directed to the admission of the statements of many witnesses to facts from which it might be properly inferred that no cause therein appeared which would account for the disappearance of plaintiff's decedent. This testimony related to the reputation of plaintiff's decedent, his habits, his happy domestic life, his fine family relationship with his near relatives and his pleasant association with his friends. The effect of the testimony offered was to establish that plaintiff's decedent was a man of fine reputation and that at the time he disappeared there was no motivating cause which would

cause him to voluntarily leave his home and to remain away for a period of ten years. It is urged that the effect of this testimony was to prejudice the jury against the defendant and to cause it to be moved strongly in favor of the plaintiff. During the reception of this class of testimony, counsel for defendant offered to make this stipulation:

"If it will speed the case any, we will admit that he was a man of good character and splendid habits, if that will speed the case any."

It was the right of the plaintiff to make her case in her own way and to have the jury pass upon the weight and effect of any competent, relevant testimony. The evidence offered was clearly competent for the purpose of supporting the claim that there was no reason to explain the disappearance of plaintiff's decedent and in conjunction with the other circumstances to raise an inference of death as the explanation of his disappearance on the 27th of June, 1922. There can be no doubt that if plaintiff's decedent was involved in financial difficulties if he had committed a criminal offense and was being sought by officers to answer for that offense, if he was having serious marital difficulties and had expressed a purpose to leave his home, if he had disappeared for considerable periods of time and his absence was unexplained, all of this testimony and kindred testimony could be offered defensively and by way of explanation of his disappearance other than by death. 34 A.L.R., 1390; 61 A. L.R., 1329. Such testimony is not confined to death arising by presumption but affords circumstances which are entitled to their weight on issue drawn as to actual death as in the instant cause. We appreciate that the evidence objected to had sympathetic appeal to the jury and it is possible that its latitude might have been somewhat further limited, but on fair consideration of all of it, we are satisfied that the trial court was well within its discretion in taking it.

Such evidence to be properly presented must of necessity cover a wide range of experience and it is only proper that the jury may have it in its proper setting, so that it may give it the consideration it merits.

Objection is also directed to the admission by the trial court of the evidence tending to support the second cause of action of the third amended petition. The court accepted such evidence as was tendered and then upon motion held that it was in-

sufficient to support the cause of action. The only theory upon which we could say that there was prejudicial error in the acceptance of this testimony would be to support the claim that counsel for the plaintiff acted in bad faith in the tender of the testimony which it could produce with complete knowledge that it would not sustain the cause of action. We do not feel that in view of the action of the trial court in withdrawing the cause of action from the jury and the effect of the testimony offered that such drastic action is merited or required.

We find no error in the refusal of the court to give the special instructions requested by the defendant nor do we find any error in the general charge. We likewise hold that the court did not err in refusing to take the case from the jury and direct a verdict upon motion of defendant nor that the verdict and judgment is not supported by or contrary to the manifest weight of the evidence.

There is, in our judgment, but one substantial question in this case and that is whether or not the circumstances under which plaintiff's decedent disappeared, taken in conjunction with the time elapsing after his disappearance, constituted sufficient proof to support the verdict of the jury that plaintiff's decedent actually died on June 27, 1922. This is a question not free from doubt, but after mature consideration, we have concluded that the record in its most favorable intendment to the plaintiff gives support to the jury for its verdict and to the trial court for its judgment. The judgment will therefore be affirmed.

BARNES, PJ, and BODEY, J, concur.